FILED

2016 Dec-21  AM 11:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **STACEY PRESLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | |
| **JEFFERSON CAPITAL SYSTEMS,** | ) | |
| **LLC, a corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's

Complaint against the Defendant and states as follows:

1.     This action arises out of Defendant's repeated violations of the Fair Debt

Collection Practices Act[1], 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"),

out of state law violations and out of the invasion of Plaintiff's personal and

financial privacy by the Defendant and its agents in its illegal efforts to collect

a consumer debt from Plaintiff.  This includes Defendant going through

Plaintiff's mailbox without permission, reviewing Plaintiff's mail without

permission, and leaving a note/message for Plaintiff in Plaintiff's mailbox.

2.     Defendant sued the Plaintiff for a debt Plaintiff did not owe.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts of each statute.

3.     The lawsuit against Plaintiff was filed in a hope of obtaining a default judgment or coercing Plaintiff into paying on a debt Plaintiff did not owe.

4.     This is the pattern of collection activity by Defendant in its collection lawsuits in Alabama.

5.     The Plaintiff won the lawsuit.

## JURISDICTION

6.     Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's specific conduct with Plaintiff in Alabama.  All the actions described in this suit occurred in Alabama.

7.     Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

8.     Venue is proper as Defendant does business in this judicial district.

## PARTIES

9.     Plaintiff Stacey Presley (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2

10.     Defendant Jefferson Capital Systems, LLC ("Defendant" or "Jefferson Capital[2]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.  It is incorporated in Georgia and has its principal place of business outside of Alabama in Minnesota. The members of the LLC are, based upon information and belief, residents of states other than Alabama.

11.     Defendant Jefferson Capital allegedly buys defaulted consumer debt, which it then collects on by calling, writing, credit reporting, and suing.

12.     On the Alabama Secretary of State business record for Defendant Jefferson Capital, the "Nature of Business" is listed as "Debt Collection."

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

13.     Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

14.     Congress recognized that there are four social ills caused by abusive debt collection:  (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

---

[2] "Jefferson Capital" or "Defendant" means Jefferson Capital directly or through its debt collectors, employees and agents, credit reported against Plaintiffs, or otherwise took any collection action against Plaintiffs, including filing suit and going through Plaintiff's mailbox.

15.     Congress also found that it is fundamentally unfair for the abusive collection

        agencies to have an unfair competitive advantage over those honorable debt

        collectors that decide to obey the law and follow the rules.

16.     15 USC § 1692 is entitled "Congressional findings and declaration of

        purpose" and it states as follows:

   (a)  There is **abundant evidence** of the use of abusive, deceptive,
        and unfair debt collection practices by many debt collectors.
        **Abusive debt collection practices contribute** to the number of
        personal bankruptcies, to marital instability, to the loss of jobs,
        and **to invasions of individual privacy**.
   (b)  Existing laws and procedures for redressing these injuries are
        inadequate to protect consumers.
   (c)  **Means other than** misrepresentation or other **abusive debt
        collection practices are available for the effective collection
        of debts**.
   (d)  Abusive debt collection practices are carried on to a substantial
        extent in interstate commerce and through means and
        instrumentalities of such commerce. Even where abusive debt
        collection practices are purely intrastate in character, they
        nevertheless directly affect interstate commerce.
   (e)  It is the **purpose** of this title to **eliminate abusive debt col-
        lection practices** by debt collectors, to **insure that those debt
        collectors who refrain from using abusive debt collection
        practices are not competitively disadvantaged**, and to
        promote consistent State action to protect consumers against
        debt collection abuses.

[Emphasis added].

**Collection Activity Before Collection Lawsuit Was Filed**

17.  Defendant Jefferson Capital collected against Plaintiff by letters, calls, illegally trespassing and committing conversion, and/or by credit reporting before and after the collection lawsuit was filed.

**The District Court Complaint**

18.  On May 16, 2016, Defendant Jefferson Capital sued Plaintiff in the District Court of Lee County, Alabama, with a case number of DV-2016-900135.

19.  The RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC collection law firm filed this suit.

20.  In this suit, Defendant Jefferson Capital asserted it was the owner of a certain debt allegedly owed by Plaintiff.

21.  Defendant Jefferson Capital alleged Plaintiff owed Jefferson Capital $9,671.50.

22.  Defendant Jefferson Capital also claimed court costs.

23.  Defendant Jefferson Capital claimed Plaintiff bought a car from Capitol Imports in Montgomery, Alabama.

24.  The UCC paper was then allegedly transferred to American Credit Acceptance.

25.  The debt was accelerated in 2010 or 2011.

26.   The vehicle was repossessed 2011.

27.   Allegedly the vehicle was disposed of on May 16, 2012.

28.   Defendant Jefferson Capital knew and knows that Plaintiff has never done business with Defendant Jefferson Capital.

29.   This lawsuit, and the other Alabama lawsuits filed by Jefferson Capital every year, was filed with the intention of getting settlements from pro se consumers and default judgments on debts that Defendant Jefferson Capital cannot and will not prove it has any right to collect on.

30.   Defendant Jefferson Capital knew or should have known the statute of limitations had expired and the suit was improper.

31.   Even if the debt was ever owed to some entity or even down the line to "Jefferson Capital," it was owed more than four (4) years before suit was filed.

32.   The contract that created the alleged debt is for the sale of a good.

33.   In this case, it was for a vehicle.

34.   The seller was Capitol Imports.

35.   Plaintiff was the buyer.

36.   The Uniform Commercial Code, as set forth in Alabama Code § 7-2-725, clearly states the statute of limitations is 4 years on a sale of a good.

37.  This means the collection lawsuit, even had it been brought by a company that owned the debt, must have been brought at least <u>before</u> May 16, 2016, as the car was repossessed <u>well</u> <u>before</u> May 16, 2012.

38.  Instead, the collection suit was brought too late on May 16, 2016.

39.  Jefferson Capital knew what the statute of limitation was and decided to file and to continue to leave pending a lawsuit that was beyond the applicable statute of limitations.

40.  Another intention of Defendant Jefferson Capital was to continue to allow the case to move towards trial with the intent that the Plaintiff would be intimidated into paying on a debt not owed and/or would not show up at trial and a default judgment would be entered.

41.  Defendant Jefferson Capital knew Plaintiff did not owe the debt sued on.

42.  Defendant Jefferson Capital made misrepresentations and false statements in the lawsuit (and in prior collection letters and/or calls) including that a debt was owed – Plaintiff owed none to Defendant Jefferson Capital.

43.  Defendant Jefferson Capital misrepresented the amount owed when Plaintiff owed Defendant Jefferson Capital nothing on this account.

44.  Defendant Jefferson Capital misrepresented the legal status of the debt as being owed when Plaintiff owed nothing to Jefferson Capital.

45.   Defendant Jefferson Capital misrepresented that Defendant Jefferson Capital had standing and the right to bring the lawsuit when Defendant Jefferson Capital did not have standing and did not have the right to bring the lawsuit.

46.   Defendant Jefferson Capital did not own the debt at the time the lawsuit was filed but it misrepresented that it did own the debt.

47.   Defendant Jefferson Capital did not own the debt at any time the lawsuit was pending but it misrepresented that it did own the debt.

48.   This bogus collection suit against Plaintiff was brought as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to Defendant Jefferson Capital in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers, including Plaintiff.

**Plaintiff Answers The Jefferson Capital Lawsuit**

49.   Plaintiff did not and does not owe the debt to Jefferson Capital.

50.   Plaintiff filed an Answer denying the allegations of Defendant Jefferson Capital.

51.   Plaintiff filed the Answer on July 11, 2016.

52.   Defendant Jefferson Capital received a copy of this denial.

53.   Defendant Jefferson Capital understood that Plaintiff was refusing to pay on this debt.

54.   Defendant Jefferson Capital understood that Plaintiff disputed this debt from the answer.

55.   Defendant Jefferson Capital knew Plaintiff did not owe this debt.

56.   Defendant Jefferson Capital made a conscious choice to continue to allow the lawsuit to move forward even though Defendant Jefferson Capital knew that there was no merit to the case, but Defendant Jefferson Capital sought to use the lawsuit and the court process to force Plaintiff to pay money on a debt Plaintiff did not owe to Defendant Jefferson Capital.

57.   The case was set for Trial on September 22, 2016.

**Defendant Jefferson Capital Loses The Collection Case**

58.   On September 22, 2016, District Court Judge Russell K. Bush entered a judgment for Plaintiff Stacey Presley and against Defendant Jefferson Capital.

59.   Defendant Jefferson Capital offered no admissible evidence that Plaintiff owed Defendant Jefferson Capital or that Defendant Jefferson Capital owned the debt sued on.

60.   Defendant Jefferson Capital did not appeal the judgment against it.

61.   This ended the case Defendant Jefferson Capital filed against Plaintiff.

**Defendant Jefferson Capital Falsely Credit Reports on Plaintiff's Credit**

62.   Credit reporting by Defendant Jefferson Capital that Plaintiff owed this debt to Jefferson Capital occurred before, during, and after the collection lawsuit.

63.   Defendant Jefferson Capital knew, or should have known, that its credit reporting was false, violating 15 USC § 1692e(8) and state law as Defendant Jefferson Capital knew that Plaintiff did not owe Defendant Jefferson Capital any money on this debt, and certainly not the amount credit reported.

64.   Defendant Jefferson Capital knew that Defendant Jefferson Capital did not own the debt being credit reported but yet it started and continued to credit report on this debt.

65.   Defendant Jefferson Capital knew this debt was disputed but refused to report this.

66.   The reason for the false credit reporting was to attempt to force the Plaintiff into paying a debt not owed as Jefferson Capital understands that credit reporting is one of the most powerful ways to force a consumer to pay a debt, even a debt that is not owed.

**Defendant Jefferson Capital's Illegal Search of Plaintiff's Mailbox and Illegal Conversion of Plaintiff's Mail**

67.   Defendant Jefferson Capital, through its agents (including Professional

Legal Services & Investigations[3] out of Columbus, Georgia), has trespassed against Plaintiff and has illegally gone through Plaintiff's mailbox.

68.   This was after Defendant Jefferson Capital banged loudly on doors and/or windows in Plaintiff's house demanding that the front door be opened to the unidentified person who was making such threatening statements and taking such threatening actions against Plaintiff.

69.   Defendant Jefferson Capital has instructed, encouraged, and/or allowed its agents to look through the mailboxes of consumers that Defendant Jefferson Capital has targeted.

70.   There are a number of reasons for this including:  intimidation (along with the loud knocking and shouting); finding potential garnishment targets (banks, financial institutions, etc); identifying other targets that can be called or threatened (family members, tenants, etc); and other reasons and motivations which will come out in discovery.

71.   It is a violation of Federal Law to open a mailbox without permission.

72.   Plaintiff at no time gave, hinted, or suggested, that Defendant Jefferson Capital or its agents had permission to open Plaintiff's mailbox.

73.   Or to look into Plaintiff's mailbox.

---

[3] Located at a P.O. Box 8587, Columbus, GA 31908 and with a Georgia license number of PDC002544.

74.    Or to go through Plaintiff's mail.

75.    Or leave items in the mailbox, which were not sent through the mail.

76.    Defendant Jefferson Capital opened Plaintiff's mailbox.

77.    Then it looked through Plaintiff's mail (which was in Plaintiff's mailbox) in an illegal manner.

78.    It is unclear whether Defendant Jefferson Capital exercised control and dominion over Plaintiff's mail (and thereby deprived Plaintiff of same) for a shorter period of time or if mail was stolen permanently from Plaintiff's mailbox. This will be determined in discovery.

79.    Then Defendant Jefferson Capital placed a business card (from PLS&I) that contained this note on the back: "Please call me. I have legal documents for you."

80.    This is merely one example of the arrogance that Defendant Jefferson Capital displays towards Alabama consumers such as Plaintiff in its breaking of Alabama and Federal law in order to move forward with a bogus lawsuit against Plaintiff.

**Remaining Factual Allegations Against Defendant Jefferson Capital**

81.    Defendant Jefferson Capital has collected (by letter, calls, credit reporting, the mailbox incident, the collection suit, and all other conduct described in this Complaint) against Plaintiff when Plaintiff did not owe any money to

Defendant Jefferson Capital on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a non existent debt from anyone or a debt that is zero from anyone, including Plaintiff.

82.     Defendant Jefferson Capital has misrepresented the debt to Plaintiff, including the amount of the debt, as none is owed.

83.     Defendant Jefferson Capital has misrepresented the debt to Plaintiff, including the legal status of the debt, as none is owed.

84.     Defendant Jefferson Capital has taken action it knows is illegal including suing on a debt it knew Plaintiff did not owe, suing after the statute of limitations has expired, proceeding to trial when Defendant Jefferson Capital knew at the time and continues to know that it has no right to proceed to trial on a debt it does not own and that Plaintiff does not owe, falsely credit reporting a debt that Plaintiff does not owe, and sending (or having sent on its behalf) collection letters and/or collection calls.

85.     Defendant Jefferson Capital knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused by the collection calls and/or letters, filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by Plaintiff, the

filing of a lawsuit when Defendant Jefferson Capital did not own the debt, the filing of a lawsuit after the statute of limitations has expired, by false credit reporting, by misrepresenting numerous facts in the lawsuit and in collection calls and/or letters, and by all other wrongful acts described in this Complaint.

86. The debt being collected is a consumer debt as defined by the FDCPA.

87. Plaintiff is a "consumer" as defined by the FDCPA.

88. Defendant Jefferson Capital is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of alleged defaulted debt is a major part of the business of Defendant Jefferson Capital.

89. Defendant Jefferson Capital knows that the alleged agreement forming the alleged debt does not allow Defendant Jefferson Capital to collect against persons, such as Plaintiff, who do not owe Defendant Jefferson Capital any money.

90. Defendant Jefferson Capital knows that the alleged purchase agreement disclaims all accuracy of the accounts allegedly sold to it and disclaims the accuracy of the associated account records.

91. Defendant Jefferson Capital has full knowledge of what it is doing by its bad conduct in this case – it is a sophisticated debt collector (debt buyer) and the

decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendant Jefferson Capital has no right to take under state law and under the FDCPA.

92.   Defendant Jefferson Capital knows that it is suing Alabama consumers (including Plaintiff) who do not owe the debts being sued upon.

93.   Defendant Jefferson Capital knows that it is suing Alabama consumers (including Plaintiff) on debts that Defendant Jefferson Capital does not own which Defendant Jefferson Capital knows is not allowed in Alabama.

94.   Defendant Jefferson Capital is counting on the fact that many Alabama consumers (including Plaintiff) will not answer and so default judgments will be entered.

95.   This type of "scattershot" litigation strategy is improper, deceptive, and abusive as it is fundamentally unfair and deceptive to sue consumers (including Plaintiff) who do not owe the debt and it is also improper to sue when there is no intention of proving the lawsuit filed.

96.   Defendant Jefferson Capital knows that its "scattershot litigation" is improper but it has decided that this is the most effective way (as opposed to

only doing other collection activities) to obtain money from Alabama consumers who do not owe the money to Defendant Jefferson Capital.

97.  The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

98.  It is a practice of the Defendant Jefferson Capital to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

99.  All actions taken by employees, agents, servants, or representatives of any type for the Defendant Jefferson Capital (including Professional Legal Services & Investigations) were taken in the line and scope of such individuals' employment, agency or representation.

100. At no time has Defendant Jefferson Capital told or implied to Plaintiff that any conduct by any agent or employee of Defendant Jefferson Capital was outside the line and scope of such employment or agency.

101. This includes collection counsel and any outside collection agency for Defendant Jefferson Capital who in all ways conducted themselves in the line and scope of their agency and representation of Defendant Jefferson Capital.

102. All actions taken by the Defendant Jefferson Capital were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

103. Defendant Jefferson Capital has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant Jefferson Capital is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

104. Defendant Jefferson Capital is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

105. At no time before the collection suit, during the collection suit, after the collection suit, or even up to the date this Complaint is filed, has Defendant Jefferson Capital directly or indirectly, expressly or implicitly, apologized to the Plaintiff for the conduct described in this Complaint which demonstrates

that the conduct described was not accidental or unintentional but instead was intentional.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

106. Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

107. Defendant Jefferson Capital violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 1-105.

108. The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

109. Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of

any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

110. Defendant Jefferson Capital violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 1-105.

111. The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

112. Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

113. Defendant Jefferson Capital violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs 1-105.

114. The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8)

115. Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

116. Defendant Jefferson Capital violated Section 1692e(8) by collecting this debt as alleged in this Complaint in paragraphs 1-105.

117. The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

118. Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

119. Defendant Jefferson Capital violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 1-105.

120. The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

121. Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

122. Defendant Jefferson Capital violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 1-105.

123. The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

124. Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless

such amount is expressly authorized by the agreement creating the debt or permitted by law."

125.  Defendant Jefferson Capital violated Section 1692f(1) by collecting this debt as alleged in this Complaint in paragraphs 1-105.

126.  The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

## INVASION OF PRIVACY

127.  Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Jefferson Capital violated Alabama state law as described in this Complaint in paragraphs 1-105 and in the paragraphs of this Count.

128.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

129.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

130.   Defendant Jefferson Capital intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

131.   Defendant Jefferson Capital intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

132.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

133. The conduct of Defendant Jefferson Capital, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant Jefferson Capital which occurred in a way that would be highly offensive to a reasonable person in that position.

134. This conduct includes the filing of a public lawsuit against Plaintiff.

135. A public lawsuit that has no merit and Defendant Jefferson Capital knew at the time it filed the lawsuit that it had no merit.

136. Defendant Jefferson Capital has continued to publicly state through credit reporting that Plaintiff owes the debt to Defendant Jefferson Capital when Defendant Jefferson Capital knows this is untrue.

137. Defendant Jefferson Capital has also committed gross violations of the law by invading Plaintiff's privacy through its outrageous violation of the sanctity of Plaintiff's mailbox and mail (and the loud knocking and screaming through windows and doors) as described in this Complaint.

138. All of the wrongful acts described in this Complaint (paragraphs 1-105 and in the paragraphs of this Count) demonstrate the wrongful scheme, plan, and design of Defendant Jefferson Capital in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

139.	The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

140.	As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Jefferson Capital.

141.	All acts of Defendant Jefferson Capital were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Jefferson Capital is subject to punitive damages.

## COUNT IX.

## NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS AND AGENTS

142.	Defendant Jefferson Capital's collectors and agents are allowed and encouraged to break state law in order to collect debts.

143.	This includes all of the violations of the law described in this Complaint in paragraphs 1-105 and in the paragraphs of this Count.

144.	Defendant Jefferson Capital is aware of the wrongful conduct of its collectors and agents.

145.	Defendant Jefferson Capital negligently hired, trained, retained or supervised incompetent debt collectors and agents, who were allowed or encouraged to

violate the law as was done to Plaintiff, and Defendant Jefferson Capital is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

146. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors and agents but it is reasonable to infer this as there is no other explanation for how a large debt buying company, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of a plan to be negligent in allowing incompetent collectors and agents to run wild and damage Plaintiff while Defendant Jefferson Capital sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

147. The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT X.

### WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS AND AGENTS

148. Defendant Jefferson Capital's collectors and agents are allowed and encouraged to break state law in order to collect debts.

149. This includes all of the violations of the law described in this Complaint in paragraphs 1-105 and in the paragraphs of this Count.

150. Defendant Jefferson Capital is aware of the wrongful conduct of its collectors and agents.

151. Defendant Jefferson Capital wantonly hired, trained, retained, or supervised incompetent debt collectors and agents, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Jefferson Capital is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

152. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors and agents but it is reasonable to infer this as there is no other explanation for how a large debt buying company, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of a well orchestrated design and plan of wantonly allowing incompetent collectors and agents to run wild and damage Plaintiff while Defendant Jefferson Capital sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

153. The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's

credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI.

## INTENTIONAL HIRING, TRAINING, AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS AND AGENTS

154. Defendant Jefferson Capital's collectors and agents are allowed and encouraged to break state law in order to collect debts.

155. This includes all of the violations of the law described in this Complaint in paragraphs 1-105 and in the paragraphs of this Count.

156. Defendant Jefferson Capital is aware of the wrongful conduct of its collectors and agents.

157. Defendant Jefferson Capital intentionally hired, trained, retained, or supervised incompetent debt collectors and agents, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Jefferson Capital is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

158. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors and agents but it is reasonable to infer this as there is no other explanation for how a large debt buying company, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of an

intentional well orchestrated design and plan of allowing incompetent collectors and agents to run wild and damage Plaintiff while Defendant Jefferson Capital sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

159. The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

## WANTON CONDUCT

160. Defendant Jefferson Capital had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

161. Defendant Jefferson Capital had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

162. Defendant Jefferson Capital acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint in paragraphs 1-105 and in the paragraphs of this Count.

163. Defendant Jefferson Capital violated all of the duties Defendant Jefferson Capital had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

164. It was foreseeable, and Defendant Jefferson Capital did in fact foresee it, the each and every action of Defendant Jefferson Capital described in this Complaint would lead and did lead to the exact type of harm suffered by Plaintiff.

165. The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIII.

## MALICIOUS PROSECUTION

166. Defendant Jefferson Capital instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so as Plaintiff did not owe Defendant Jefferson Capital the debt sued upon.

167. Defendant Jefferson Capital continued to prosecute the case with no reasonable basis to do so as Plaintiff did not owe Defendant Jefferson Capital the debt sued upon.

168. Defendant Jefferson Capital filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if Plaintiff did not answer the suit.  While this failed, the attempt by Defendant Jefferson Capital shows the malice against Plaintiff.

169. Defendant Jefferson Capital instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant Jefferson Capital money on a non-existent debt.

170. The malicious plan of Defendant Jefferson Capital included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and/or seizures of property and the Defendant Jefferson Capital tried to accomplish this by the Defendant Jefferson Capital's malicious and abusive actions.

171. Throughout the entire illegal lawsuit against Plaintiff, Defendant Jefferson Capital knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant Jefferson Capital knew it was not entitled to receive.

172. The litigation against Plaintiff filed by Defendant Jefferson Capital eventually resulted in adjudication in favor of Plaintiff on September 22, 2016.

173. The illegal and improper actions of the Defendant Jefferson Capital constitute malicious prosecution and this cause of action is supported by paragraphs 1-105 and in the paragraphs of this Count.

174. This is the pattern and practice of Defendant Jefferson Capital – to file suits with no basis in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suit filed by Defendant Jefferson Capital.

175. The conduct of the Defendant Jefferson Capital has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

### COUNT XIV.

### TRESPASS

176. Defendant Jefferson Capital intentionally and/or wrongfully entered onto Plaintiff's property without permission.

177. This was not only the land but also the mailbox, which is a fixture on the land.

178. Defendant Jefferson Capital had no right to do so and is guilty of trespass.

179. Defendant Jefferson Capital's wrongful conduct has caused the damages described in this Complaint.

## COUNT XIII.

## CONVERSION/TRESPASS TO CHATTEL

180. Defendant Jefferson Capital intentionally and/or wrongfully exercised control and/or dominion over Plaintiff's personal property.

181. Specifically Defendant Jefferson Capital sorted through, looked through, and illegally picked up Plaintiff's mail, which it took from Plaintiff's mailbox.

182. While Plaintiff does not know how long the conversion lasted (and it may still be ongoing as Defendant Jefferson Capital may still have some of Plaintiff's mail that it has taken from Plaintiff's possession or control), there is no doubt that Defendant Jefferson Capital did deprive Plaintiff of the control, use, and possession of her personal property.

183. Defendant Jefferson Capital's wrongful conduct has caused the damages described in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**


**Serve defendant via certified mail at the following address:**


Jefferson Capital Systems, LLC
c/o CSC Lawyers Incorporating Svc. Inc
150 S. Perry Street
Montgomery, Alabama 36104